IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

ANTONIO TERRELL HOLLIMAN                                      PETITIONER

v.                    NO. 2:20-cv-00031 BSM-PSH

ARKANSAS COUNTY SHERIFF                                       RESPONDENT

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Recommendation has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

Petitioner Antonio Terrell Holliman ("Holliman") began this case by filing a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. 2241. In the petition, he alleged that his constitutional rights have been, and are being, violated while he is confined in the Arkansas County Detention Center awaiting trial in Arkansas County Circuit Court case number CR-2018-181.[1] He raised four claims in his petition; they are as follows:

> GROUND ONE. Excessive bail, cruel and usual punishment. Didn't receive warrant until 11-28-18, state held certified mail for 30 plus days. DNA got took almost a year later on Oct. 2 2019, still awaiting results.
>
> Supporting facts. Got incarcerated 10-29-18, went to court 10-31-18, got bail set to 50,000, tried to make bail, they raised it to 150,000, state held my mail letting it expire. They gave me a warrant before polygraph test or DNA was done. They just locked me up without a warrant on 10-29-18, and got information 11-28-18, violating my Due Process.

---

[1] The records maintained by the Administrative Office of the Arkansas Courts reflect that a jury trial in CR-2018-181 is scheduled to begin on April 23, 2020. See https://caseinfo.arcourts.gov.

GROUND TWO. Polygraph test. The examiner's name is blank. File #, case #, and issue all blank. Motion [for] Discovery contains no arresting officer statement, witness statements, victim statement, doctor. I received none in my motion.

Supporting facts. The guy tampered with polygraph test. I know I was honest. My motion discovery I received was empty come in a regular envelope.

GROUND THREE. Right to a speedy trial. Been in jail 16 months, been living in Arkansas 6 years. Soon as I move to Stuttgart probably a month got arrested over false accusations. Report got done on 10-28-18. My paper state sex … was done on 10-29-18.

Supporting facts. Been in here since 10-29-18, all they do is toll speedy trial. I be available. I escaped to get some help. I feared for my life because I'm an innocent man.

GROUND FOUR. On Escape II charge, back door in pod been messed up for about 4 months. Jail administrator knew and didn't fix correctly, allowed me to come in from doctor with arm brace with metal in it. Did not charge for the drops they find.

      Supporting facts. It was noted in security log, they did not do counts, did not do correct walk around, front door of F pod is closed by a small metal plate. They literally saw the camera, didn't never charge anyone, if they charging me, they furnished prohibited articles.

Holliman asks that the charges against him be dropped, he be released from custody, and he be compensated for the violations.

      In Coppock v. Ryals, 2018 WL 3979013 (E.D.Ark. 2018), report and recommendation adopted, 2018 WL 3978166 (E.D.Ark. 2018), a pre-trial detainee made similar claims in a petition pursuant to 28 U.S.C. 2241.[2] United States District Judge James M. Moody, Jr., adopted the report and recommendation of United States Magistrate Judge Jerome T. Kearney and dismissed the petition without prejudice for the following reason:

---

[2]    The pre-trial detainee in that case alleged the following:

> … Petitioner states he has a pending criminal case in Faulkner County (Conway), Arkansas, and that he is being denied the right to a fast a speedy trial in violation of the due process. He states a Motion for Speedy Trial was filed in October 2017, with ruling by the state court. He also argues that he is being denied the constitutional right to life and liberty due to an excessive $250,000 bail. Third, he claims he has been denied effective assistance of counsel throughout all pretrial proceedings. He seeks this Court to issue an Order to Show Cause upon Respondent to account for the long court delays and excessive bail. [Footnote omitted].

See Coppock v. Ryals, 2018 WL 3978166, 1.

4

> Before a state prisoner can seek federal habeas relief, he ordinarily must "exhaus[t] the remedies available in the courts of the State," 28 U.S.C. 2254(b)(1)(A), "thereby affording those courts the first opportunity to address and correct" alleged violations of a prisoner's federal constitutional rights. … State remedies are not exhausted if a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." …
>
> The exhaustion requirement applies to 2241 habeas petitions challenging a pending state criminal prosecution. Sacco v. Falke, 649 F.2d 634, 635-37 (8th Cir. 1981) (future prosecution under state indictment); Davis v. Muellar, 643 F.2d 521, 525 (8th Cir. 1981) (pending state prosecution). Federal courts should decline jurisdiction over pretrial habeas petitions brought pursuant to 2241 if the issues may be resolved by the state trial court or other state procedures are available to the petitioner. Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987); see also Wingo v. Ciccone, 507 F.2d 354, 357 (8th Cir. 1974) ("Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution.").
>
> Petitioner has not demonstrated that the existing state procedures are ineffective to protect his constitutional rights or that extraordinary circumstances exist warranting federal intervention with the state's pending judicial procedures. Thus, this habeas action should be dismissed, without prejudice.

See Id., 2018 WL 3979013 at 2.[3]

---

[3] See also McKee v. Kelley, 2019 WL 5076391 (E.D.Ark. 2019), report and recommendation adopted, 2019 WL 3824186 (E.D.Ark. 2019). In that case, United States District Judge Kristine G. Baker adopted the report and recommendation of United States Magistrate Judge Joe J. Volpe and dismissed a pre-trial detainee's petition for a writ of habeas corpus. Judge Baker did so because the federal courts should abstain from considering the claims in accordance with Younger v. Harris, 401 U.S. 37 (1971), and because the detainee had not yet exhausted his state court remedies.

The undersigned recognizes that <u>sua sponte</u> dismissals are not favored. <u>See</u> <u>Haley v. Dormire</u>, 845 F.2d 1488 (8th Cir. 1988). Nevertheless, like in <u>Coppock v. Ryals</u>, Holliman has not demonstrated that the existing state procedures are ineffective to protect his constitutional rights or that extraordinary circumstances exist warranting federal intervention with the state's pending judicial procedures. Moreover, one or more of his claims appear to be in the nature of condition of confinement claims and are not proper in a proceeding pursuant to 28 U.S.C. 2241. For these reasons, the undersigned recommends that this case be dismissed without prejudice.

DATED this 20th day of April, 2020.

_____
UNITED STATES MAGISTRATE JUDGE